IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| TAMMY D. SLEETH, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, | * | No. 3:16CV00199-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM AND ORDER

Plaintiff, Tammy Sleeth, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful consideration of the record as

1

a whole, I find the decision of the Commissioner is supported by substantial evidence.

In opposing the Commissioner's decision, Plaintiff argues that the Administrative Law Judge (ALJ) erred in weighing the medical opinions. (Doc. 10 at 7-13.) Plaintiff specifically argues the ALJ failed to give proper weight to her treating physician, Roger Cagle, M.D. (*Id.*)

The ALJ considered the opinions of Dr. Cagle and specifically rejected those opinions. (Tr. 20-21.) The ALJ stated, "Dr. Cagle's opinions are not conclusive as to the ultimate question embracing the claimant's medical condition and her ability to carry on gainful activity. I find that Dr. Cagle's clinical and laboratory findings and opinions are highly inconsistent with the objective medical evidence and other evidence of record." (Tr. 20.) The ALJ concluded ". . . Dr. Cagle has taken the claimant's subjective allegations at face value in making his assertions." (Tr. 20-21.) As part of a long term disability insurance application, Dr. Cagle reported Plaintiff was capable of sitting for two hours, standing/walking two hours and capable of occasionally lifting up to twenty pounds. (Tr. 973.) As the Commissioner points out, this is not inconsistent with the demands of light work. Nevertheless, Dr. Cagle concluded Plaintiff was unable to work. (Tr. 972.) I have reviewed Dr. Cagle's treatment records (Tr. 630-654, 715-726, 859-872), and while a somewhat close call given her combination of impairments, I find no error in the ALJ's assessment. Dr. Cagle's objective findings fail to support Plaintiff's claims to extent alleged.

And while Plaintiff disagrees, the ALJ could rightly rely on the findings of Jon Etienne Mourot, Ph.D. (Tr. 69, 72-75), and Rosey Sequin, M.D. (70-72), who both agreed Plaintiff was capable of performing light work activities. (Tr. 26.) I recognize they only reviewed the medical records and did not actually examine Plaintiff. Yet, there is no reason to discount these opinions and their review of Plaintiff's medical records is consistent with the treatment records.

Plaintiff suffers from a combination of physical and mental impairments.  She surely experiences some degree of pain and limitation.  However, the overall record fails to support her allegation of *complete disability*.

A Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and she has simply not met this burden.  Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).   Plaintiff is young - forty-four at the time of the administrative hearing.  She appears to be capable of working at the light exertional level.

Furthermore, Plaintiff's claims rely largely on her own subjective complaints, the credibility of which is within the province of the ALJ.  The ALJ's credibility analysis was proper.  He followed the law and regulations, made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.  *E.g., Finch v. Astrue*, 547 F.3d 933, 935-36 (8th Cir. 2008); *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995).  Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the lack of any significant restrictions placed on Plaintiff by her physicians, and her functional capabilities, the ALJ could correctly discount Plaintiff's subjective complaints.  *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989).  The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount

those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). The ALJ's credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Plaintiff contends the ALJ failed to include all of her mental and physical limitations in the hypothetical question posed to the vocational expert. (Doc. No. 10 at 13-16.) The ALJ's hypothetical questions fairly captured those limitations supported by the overall objective medial evidence. (Tr. 47-54.) There is no merit in this argument.

Plaintiff has advanced other arguments that I find are without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 19th day of January, 2017.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE

4